IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Abingdon Division

| | | |
|---|---|---|
| TONEE N. JARRETT, personally, and as the Administrator of the Estate of Arno Antonio Jarrett, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  2:22cv00012 |
| DAVID A. STILL, *et al.*, | ) ) | |
| Defendants. | ) ) | |

_____/

ANSWER TO THE FOURTH AMENDED COMPLAINT (ECF 62)

Defendants A. Bentley, J. Bentley, Combs, Day, Duncan, Hall, Moore, Still, Turner, and

Williams state as their answer and affirmative defenses to the fourth amended complaint of

Tonee N. Jarrett (ECF 62):

ANSWER

1.      This paragraph attempts to state conclusions of law; therefore, no response is required.  Any factual allegations are denied.

2.      This paragraph attempts to state conclusions of law; therefore, no response is required.  Any factual allegations are denied.

3.      This paragraph attempts to state conclusions of law; therefore, no response is required.  Any factual allegations are denied.

4.      Admitted that Arno Antonio Jarrett, VDOC No. 2045167, died on July 3, 2020, in Wise County, Virginia.  Otherwise, this paragraph attempts to state conclusions of law; therefore, no response is required.  Any factual allegations are denied.

5.      Defendants are without knowledge; therefore, denied.

6.      Still admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Officer by Red Onion State Prison, which is located in Wise County, Virginia. Otherwise, denied.

7.      Williams admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Officer by Red Onion State Prison, which is located in Wise County, Virginia.  Otherwise, denied.

8.      Defendants are without knowledge; therefore, denied.

9.      Moore admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Officer by Red Onion State Prison, which is located in Wise County, Virginia. Otherwise, denied.

10.     Combs admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Officer by Red Onion State Prison, which is located in Wise County, Virginia. Otherwise, denied.

11.     A. Bentley admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Officer by Red Onion State Prison, which is located in Wise County, Virginia.  Otherwise, denied.

12.     Hall admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Officer by Red Onion State Prison, which is located in Wise County, Virginia. Otherwise, denied.

13.     J. Bentley admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Sergeant by Red Onion State Prison, which is located in Wise County, Virginia.  Otherwise, denied.

2

14.     Duncan admits that she is an adult female, and that on July 3, 2020, she was employed as a Unit Manager by Red Onion State Prison, which is located in Wise County, Virginia.  Otherwise, denied.

15.     Day admits that he is an adult male, and that on July 3, 2020, he was employed as a Corrections Officer by Red Onion State Prison, which is located in Wise County, Virginia. Otherwise, denied.

16.     Turner admits that he is an adult male, and that on July 3, 2020, he was employed as the Chief of Housing and Programs at Red Onion State Prison, which is located in Wise County, Virginia.  Otherwise, denied.

17.     Defendants are without knowledge; therefore, denied.

18.     Defendants are without knowledge; therefore, denied.

19.     Defendants are without knowledge; therefore, denied.

20.     Admitted that Red Onion is a maximum-security level prison in Virginia; otherwise, denied.

21.     Defendants are without knowledge; therefore, denied.

22.     Defendants are without knowledge; therefore, denied.

23.     Defendants are without knowledge; therefore, denied.

24.     Defendants are without knowledge; therefore, denied.

25.     Defendants are without knowledge; therefore, denied.

26.     Defendants are without knowledge; therefore, denied.

27.     Defendants are without knowledge; therefore, denied.

28.     Defendants are without knowledge; therefore, denied.

29.     Defendants are without knowledge; therefore, denied.

30.  Defendants are without knowledge; therefore, denied.

31.  Denied.

32.  Document speaks for itself; otherwise, denied.

33.  Denied.

34.  Denied.

35.  Document speaks for itself; otherwise, denied.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Defendants are without knowledge; therefore, denied.

40.  Defendants are without knowledge; therefore, denied.

41.  Defendants are without knowledge; therefore, denied.

42.  Defendants are without knowledge; therefore, denied.

43.  Defendants are without knowledge; therefore, denied.

44.  Defendants are without knowledge; therefore, denied.

45.  J. Bentley admits that he was at the time this complaint was a Corrections
Sergeant and Intelligence Officer at the time Plaintiff initiated this lawsuit. Otherwise, denied.

46.  J. Bentley admits that at the time Plaintiff initiated this lawsuit he was Red
Onion's Gang Specialist. He states that he was not Red Onion's Gang Specialist on or before
July 3, 2020. Otherwise, denied.

47.  Denied.

48.  Denied.

49.  Denied.

4

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Defendants are without knowledge; therefore, denied.

57.    Defendants are without knowledge; therefore, denied.

58.    Defendants are without knowledge; therefore, denied.

59.    Defendants are without knowledge; therefore, denied.

60.    Combs, A. Bentley, and Hall admit that they were assigned to A6 Population

Officer during the day shift on July 3, 2020; otherwise, denied

61.    Combs, A. Bentley, and Hall admit that they were assigned to A6 Population

Officer during the day shift on July 3, 2020; otherwise, denied.

62.    Moore admits that he was assigned to the control booth for pods A-4, A-5, and A-

6 during the day shift on July 3, 2020.

63.    Denied.

64.    Defendants are without knowledge; therefore, denied.

65.    Defendants are without knowledge; therefore, denied.

66.    Defendants are without knowledge; therefore, denied.

67.    Defendants are without knowledge; therefore, denied.

68.    Defendants are without knowledge; therefore, denied.

69.    Defendants are without knowledge; therefore, denied.

70.     Denied.

71.     Defendants are without knowledge; therefore, denied.

72.     This paragraph attempts to state conclusions of law; therefore, no response is

required.  Any factual allegations are denied.

73.     Defendants are without knowledge; therefore, denied.

74.     Defendants are without knowledge; therefore, denied.

75.     Defendants are without knowledge; therefore, denied.

76.     Defendants are without knowledge; therefore, denied.

77.     Defendants are without knowledge; therefore, denied.

78.     Defendants are without knowledge; therefore, denied.

79.     Defendants are without knowledge; therefore, denied.

80.     Defendants are without knowledge; therefore, denied.

81.     Defendants are without knowledge; therefore, denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Defendants are without knowledge; therefore, denied.

86.     Defendants are without knowledge; therefore, denied.

87.     Defendants are without knowledge; therefore, denied.

88.     Defendants are without knowledge; therefore, denied.

89.     Defendants are without knowledge; therefore, denied.

90.     Defendants are without knowledge; therefore, denied.

91.     Defendants are without knowledge; therefore, denied.

92.     Defendants are without knowledge; therefore, denied.

93.     Defendants are without knowledge; therefore, denied.

94.     Defendants are without knowledge; therefore, denied.

95.     Defendants are without knowledge; therefore, denied.

96.     Defendants are without knowledge; therefore, denied.

97.     Defendants are without knowledge; therefore, denied.

98.     Defendants are without knowledge; therefore, denied.

99.     Defendants are without knowledge; therefore, denied.

100.    Defendants are without knowledge; therefore, denied.

101.    Defendants are without knowledge; therefore, denied.

102.    Defendants are without knowledge; therefore, denied.

103.    Defendants are without knowledge; therefore, denied.

104.    Defendants are without knowledge; therefore, denied.

105.    Defendants are without knowledge; therefore, denied.

106.    Defendants are without knowledge; therefore, denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Defendants are without knowledge; therefore, denied.

112.    Defendants are without knowledge; therefore, denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Defendants are without knowledge; therefore, denied.

125.    Defendants are without knowledge; therefore, denied.

126.    Defendants are without knowledge; therefore, denied.

127.    Defendants are without knowledge; therefore, denied.

128.    Defendants are without knowledge; therefore, denied.

129.    Defendants are without knowledge; therefore, denied.

130.    Denied.

131.    Denied.

Count I, failure to protect, has been dismissed as to all defendants except J. Bentley.

Accordingly, only J. Bentley need reply to the allegations of Count I.  The other defendants deny

the factual allegations asserted in support of this count and state that Plaintiff is not entitled to

relief.

132.    Defendant J. Bentley restates and incorporates his responses to Paragraphs 1-131.

133.    This paragraph attempts to state conclusions of law; therefore, no response is required.  Any factual allegations are denied.

134.    This paragraph attempts to state conclusions of law; therefore, no response is required.  Any factual allegations are denied.

135.    Denied.

136.    Denied.

137.    Denied.

Count II relates only to Defendant Jones.  Accordingly, Defendants need respond to the allegations contained in this count.  In any event, Defendants deny all factual allegations contained therein and deny that Plaintiff is entitled to relief.

144.    Defendants restate and incorporate their responses to Paragraphs 1-131.

145.    Denied.

146.    Defendants are without knowledge; therefore, denied.

147.    Defendants admit that Plaintiff is attempting to assert a survival claim but deny that she is entitled to relief.  Otherwise, denied.

148.    Denied

149.    Denied

150.    Defendants restate and incorporate their responses to Paragraphs 1-131.

151.    Denied.

152.    Defendants are without knowledge; therefore, denied.

153.    Defendants admit that Plaintiff is attempting to assert a survival claim but deny that she is entitled to relief.  Otherwise, denied.

154.    Defendants are without knowledge; therefore, denied.

155.    Defendants are without knowledge; therefore, denied.

156.    Denied.

157.    Denied.

Defendants deny that Plaintiff is entitled to judgment, damages, or any other requested relief.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses to the amended complaint, reserving the

right to raise any such other defenses that may arise from Plaintiff's prosecution of this action and

their continued investigation:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has impermissibly lumped together all defendants such that they do not

have fair notice of the basis of the claims against them, in violation of the Due Process Clause of

the Fourteenth Amendment.

3.    Sovereign immunity protects Defendants from liability against any claim of

simple negligence.

4.    Under the Eleventh Amendment and upon the discharge of their official duties,

Defendants are immune from suit.

5.    Qualified immunity bars the claims against Defendants.

6.    Notwithstanding the Court's order denying Defendants' statute of limitations

defense, J. Bentley, Turner, Duncan, and Day do not waive the defense and seek to preserve it.

As Plaintiff knows, Jarrett and Jones had been housed in the same cell for over 7 months at the

time of the incident.  Jarrett did not complain of the housing assignment, inform any Defendant

that he and Jones were in rival gangs, or otherwise indicate that Jones presented a particular

threat to Jarrett.  Further, Jones did not have any tattoos or other indices of gang membership.

10

Plaintiff's allegation that Jarrett and Jones belonged to rival gangs is sheer speculation, and it is made without any factual basis or justification.

7.      Plaintiff's deceased was not subjected to conditions unrelated to a legitimate penological interest.

8.      Plaintiff's claims are barred by the deceased's contributory negligence.

9.      Plaintiff's claims are barred because her decedent assumed the risk.

10.     Plaintiff's claims are barred by contributory negligence of a beneficiary.

11.     Any claim for equitable relief is barred by the doctrine of unclean hands. Plaintiff's conduct in asserting that Jarrett and Jones were in rival gangs is, in fact, inequitable. Plaintiff does not have a good-faith basis for asserting that Jones was a gang member or that Jones' Active Alert was related to prior gang/STG activity.  Further, Plaintiff knows that Jones and Jarrett had been housed in the same cell for over 7 months prior to Jones' killing Jarrett and that Jones' "Keep Separate" did not name Jarrett.  Plaintiff's inequitable conduct directly relates to the claims which she asserts against the defendants.  Her conduct has injured some or all defendants by subjecting them to continued litigation when she has no factual basis or justification for making this factual claim.

12.     To the extent that Plaintiff has suffered any injury or damages, such injuries or damages were due to an act or omission by Plaintiff or Plaintiff's decedent.

13.     To the extent that Plaintiff has suffered any injury or damages, such injuries or damages were due to an act or omission or on the part of third parties not under the control of Defendants and for whose conduct Defendants are in no way responsible.

14.     Any harm, damages, or injuries incurred by Plaintiff are the result of superseding, intervening causes, themselves sufficient to break any chain of causation.

15.     Plaintiff failed to mitigate damages.

16.     Virginia law does not authorize attorney's fees for the state law causes of action

Plaintiff attempts to assert.

17.     Plaintiff cannot recover under Virginia Code §8.01-25 because she has alleged

that her deceased died due to Defendants' actions, and Code §8.01-50 is the exclusive statement

of the grievances that Virginia will recognize when a tort victim dies of the injuries allegedly

caused by defendants.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964, SAAG
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E -mail: pwallace@oag.state.va.us
(*Counsel for Named Defendants*)

CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2025, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will provide notice to counsel for Plaintiff, and on this

day a copy of the foregoing shall be provided by U.S. Mail to the following non-CM/ECF users:

Rodney Jones #1174992
VADOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, Virginia 23160

Benjamin L. Crump, Esquire
Ben Crump Law, PLLC
122 S. Calhoun Street
Tallahassee, FL 32301
(Plaintiff's Counsel)

By:     /s/ D. Patricia Wallace
        D. Patricia Wallace, SAAG, VSB #92964